UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> EGNYTE, INC., <br> Defendant. | Case No. 16-cv-00120-HSG <br><br> **ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 83 |

Pending before the Court is an unopposed administrative motion to seal information filed by Plaintiff Synchronoss Technologies, Inc. ("Synchronoss") relating to Plaintiff's opening claim construction brief. *See* Dkt. No. 83 ("Mot."). The Court **GRANTS** the motion.

### I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private

1  spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179

2  (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## II. DISCUSSION

Plaintiff seeks to file under seal two documents accompanying its opening claim construction brief. *See* Pl. Mot. at 1; Dkt. Nos. 83-5, 83-6. Plaintiff contends that its sealing request relates to a non-dispositive motion, and thus that the "good cause" standard applies to its

request. *See* Mot. at 1. The Court, however, finds that the "compelling reasons" standard applies because the documents to be sealed bear more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101; *Miotox LLC v. Allergan, Inc.*, No. 214CV08723ODWPJWX, 2016 WL 3176557, at *1 (C.D. Cal. June 2, 2016) ("Far from being 'tangentially related' to a patent infringement suit, the court's construction of the terms of the patent claim is often critical to the outcome of such a suit.").

The Court concludes that Plaintiff's sealing request satisfies that standard. Plaintiff's declaration in support of sealing states that the concerned documents comprise "highly confidential and proprietary information belonging to Synchronoss constituting sensitive proprietary business information about the architecture of Synchronoss's technology that is not publicly available or publicly disclosed and has been maintained by Synchronoss in a confidential manner." Dkt. No. 83-1 ("Eskandari Decl.") ¶¶ 3–4. Plaintiff indicates that disclosure of this information "could result in an unfair economic competitive advantage" to Plaintiff's competitors. *Id.*; *see Miotox LLC*, 2016 WL 3176557, at *2 (finding "compelling reasons" to seal where publicly disclosing the plaintiff's exhibit would "undermine [the plaintiff's] position in the marketplace"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Plaintiff has narrowly tailored its sealing request to cover only information for which there is good cause to seal.

Thus, the Court **GRANTS** Plaintiff's administrative motion to seal. Pursuant to Civil Local Rule 79-5(f)(1), those documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 12/27/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge