UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNCHRONOSS TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> EGNYTE, INC., <br> Defendant. | Case No. 4:16-cv-00120-HSG (KAW) <br><br> **ORDER RE: JOINT DISCOVERY LETTER BRIEF** <br> Re: Dkt. No. 132 |

On December 17, 2018, Plaintiff Synchronoss Technologies, Inc. ("Plaintiff" or "Synchronoss") and Defendant Egnyte, Inc. ("Defendant" or "Egnyte") filed a discovery letter with the Court. (Dkt. No. 132 ("Discovery Letter").) In the discovery letter, Plaintiff requested the Court require Defendant to make Mr. Kris Lahiri (Egnyte Data Protection Officer), Ms. Jennifer Dimas (Egnyte Chief Marketing Officer), and Mr. Ronen Vengosh (Egnyte VP of Platform and Ecosystem) available for deposition prior to the January 11, 2019 fact discovery deadline. (*Id.* at 3, 5.) For the reasons below, the Court ORDERS Defendant to make Mr. Lahiri, Ms. Dimas, and Mr. Vengosh available for depositions prior to January 11, 2019.

**I.  BACKGROUND**

On September 18, 2018, Plaintiff noticed the Rule 30(b)(6) deposition of Defendant, as well as personal depositions of Mr. Steve Sutter (Egnyte Chief Financial Officer) and Mr. Amrit Jassal (Egnyte Chief Technology Officer), the only two individuals identified by Defendant in its Initial Disclosures as Egnyte personnel having relevant information. (Discovery Letter at 4.) In response to Plaintiff's Rule 30(b)(6) deposition notice, Defendant identified three Egnyte personnel as designees to testify on their behalf: Mr. Sutter, Mr. Jassal and Mr. Rajesh Ram (Egnyte Chief Customer Officer). (*Id.*) Furthermore, in response to Plaintiff's Interrogatory No. 4

seeking the identity of the person most knowledgeable about Egnyte's revenue information, Defendant identified only Mr. Sutter. (*Id.*) Likewise, in response to Plaintiff's Interrogatory No. 5 seeking the identity of the person most knowledgeable about Defendant's position of non-infringement, Defendant identified only Mr. Jassal. (*Id.*) Moreover, despite Plaintiff's additional interrogatories seeking the identification of persons most knowledgeable about various other topics, Defendant did not identify any other Egnyte employee aside from Mr. Sutter, Mr. Jassal and Mr. Ram.

To date, Defendant has only provided one of its three designated Rule 30(b)(6) witnesses, Mr. Ram, for a deposition, which took place on November 16, 2018. (Discovery Letter at 4.) During Mr. Ram's deposition, Mr. Ram, for the first time, identified Mr. Lahiri, Ms. Dimas, and Mr. Vengosh as Egnyte personnel having particular knowledge and information relevant to this current case.[1] (*Id.* at 4-5.) On November 20, 2018, the day before the close of fact discovery, Plaintiff noticed the depositions of these three Egnyte personnel. (Discovery Letter at 5.)

On November 21, 2018, the parties agreed to extend the deadline to complete fact discovery from November 21, 2018 to January 11, 2019. (Dkt. No. 129.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to disclose "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Federal Rule of Civil Procedure 30(b)(6) provides that the persons designated to testify on behalf on behalf of a corporation or another organization "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

---

[1] Specifically, at the November 16, 2018 Ram deposition, "Synchronoss learned that Ms. Dimas and Mr. Vengosh are involved in strategic long term goals for the company, which are not written down and instead are discussed with a discrete group of individuals." (Discovery Letter at 4.) Additionally, Mr. Ram testified that specific partnership strategies or plans were outside the scope of his knowledge, but that Mr. Vengosh "would know about these plans." (*Id.*) Mr. Ram further testified that the Egnyte management team meets weekly to discuss company affairs, and that meeting is regularly attended by Mr. Lahiri, Ms. Dimas and Mr. Vengosh. (*Id.* at 4-5.)

### III. DISCUSSION

As an initial matter, the parties dispute whether the stipulated request to extend the fact discovery deadline excluded the three depositions at issue, and point to a November 21, 2018 e-mail chain. (Discovery Letter at 5, 6.) The Court will not resolve what the parties allegedly meant in their e-mails; instead, the Court finds that the stipulated request does not include any language stating that these three depositions are excluded.

Given that the stipulation does not exclude the three depositions at issue, the Court ORDERS Defendant to produce Mr. Lahiri, Ms. Dimas, and Mr. Vengosh for deposition before the January 11, 2019 cut-off date. Importantly, Plaintiff contends that there is "relevant information of which they are the only witnesses in possession." (Discovery Letter at 5.) While Defendant responds that it is "confident that the deposition of Mr. Sutter and Mr. Jassal will provide all of the information reasonably sought by [Plaintiff] in its topics set forth in its 30(b)(6) deposition notice," Defendant provides no information in support of this conclusory statement. (*id.* at 7.) Further, Plaintiff is not required to rely on Defendant's assurances in determining what evidence is necessary to prosecute their case.

Defendant also argues that Plaintiff delayed in seeking to depose these three individuals; it appears, however, that the three individuals were not disclosed to Plaintiff until Mr. Ram's November 16, 2018 deposition. Plaintiff then noticed the depositions of the three individuals two business days later. (Discovery Letter at 7.) To the extent Defendant suggests that Plaintiff should have known about these three individuals because they are "prominently listed on Egnyte's webpage," the Court rejects this argument. (*Id.*) Simply because individuals are listed on a website does not put Plaintiff on notice that they can testify to relevant information, particularly when Defendant apparently failed to disclose these individuals in their initial disclosures or discovery responses. (*See id.* at 4.)

///

///

///

///

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS Defendant to produce Mr. Lahiri, Ms. Dimas, and Mr. Vengosh for deposition before the January 11, 2019 fact discovery deadline.

IT IS SO ORDERED.

Dated: December 20, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge